IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRTON A. DROGIN, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. AW-10-0021 |
| Markland Technologies, Inc., d/b/a TECHNEST HOLDINGS, INC. | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss or Alternatively for Summary Judgment (Doc. No. 5). The parties have fully briefed the motions and finds that no hearing is necessary. For the reasons articulated herein, the Court will **GRANT** Defendant's Motion to Dismiss.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts giving rise to this case are briefly recounted below. Plaintiff, Darrton Drogin, is a former shareholder of Markland Technologies, Inc. Plaintiff filed this case on January 1, 2010. (Doc. No. 1). In his Complaint, Plaintiff avers that he made multiple purchases of Markland Technologies' stock between February 10, 2005 and January 2, 2008, totaling in $3,193.48 worth of stock. On February 27, 2009, the Securities and Exchange Commission rendered a decision which revoked the registration of Markland Technologies, Inc. as a publicly traded company. Plaintiff avers that the SEC ruled that Markland Technologies had violated

Section 13(a) of the Exchange Act and Exchange Rule 13a-1 and 13a-13,3 by failing to file their quarterly and annual reports. Plaintiff further alleges that this revocation caused him to lose his entire investment in Markland Technologies.

According to Plaintiff, the financial reports of Markland Technologies and Technest Holdings, Inc., demonstrate that Technest Holdings is a subsidiary of Markland Technologies, Inc. Plaintiff avers that on October 29, 2009, Technest Holdings, Inc. announced a financial settlement with EOIR Holdings for up to $23 million, but did not offer restitution for former Markland Technologies shareholders. Plaintiff avers that Technest announced that a settlement with EOIR had occurred on December 23, 2009, and a $0.407 per share cash dividend would be paid to Technest shareholders on January 15, 2010. Plaintiff alleges that Technest made no mention of restitution to former Markland Technologies, Inc. shareholders.

Plaintiff's Complaint alleges three counts against Defendant. In Count I, Plaintiff avers that Markland Technologies, Inc. violated the United States Securities laws, and hence, has violated its fiduciary responsibility to its shareholders. In his Count II, Plaintiff avers that the fiduciary responsibility of Markland Technologies cost him his entire investment of $3,193.48. Finally, in Count III, Plaintiff avers that Technest Holdings, Inc. is a subsidiary of Markland Technologies, Inc., and as a subsidiary, Technest Holdings, Inc. is now liable to assume all claims of financial loss incurred by the Plaintiff. Technest, Inc. filed the instant motion to dismiss on April 30, 2010.

## I. STANDARD OF REVIEW

### a. Motion to Dismiss

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Generally, a complaint need only satisfy the "simplified pleading

standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, the Supreme Court has directed courts that "Rule 8 still requires a 'showing,'" of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

### b. Motion for Summary Judgment

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## II. ANALYSIS

Defendant avers that the Plaintiff has not alleged a claim which falls within the subject matter jurisdiction of this court. (Doc. No. 5-1, at 4). According to Defendant, because Plaintiff has alleged a claim that seeks damages in the amount of $3,193.48, Plaintiff has not met the amount in controversy requirement of $75,000 for claims predicated on diversity of citizenship. However, the Court finds this claim is not solely based on diversity of citizenship, as there is an independent basis for jurisdiction based on the fact that the matter arises under federal law—the Exchange Act of 1934. Therefore, Defendant's claim that this matter should be dismissed because the Court does not have subject matter jurisdiction over this claim is non-persuasive.

Defendant further moves to dismiss this Complaint on the grounds that Plaintiff has failed to state a cause of action. Defendant avers that Plaintiff has alleged that the Defendant Technest Holdings, Inc. is a separate and district corporate entity from Markland Technologies, Inc., and as such, Plaintiff's claims that Technest Holdings, Inc. is a tradename for Markland Technologies, Inc. is factually inaccurate. As these entities are distinct and separate, Defendant avers that "[t]here is no basis in law or in fact for a wholly distinct and separate subsidiary corporation to be responsible for a parent corporation's alleged obligations." (Doc. No. 5-1, at 4).

Defendant additionally asserts that "at the time of the Securities and Exchange Commission's decision referenced in Plaintiff's Complaint, Technest was no longer a subsidiary of Markland so that alleged link no longer even exists." *Id.*

Plaintiff responds to Defendant's arguments by offering several factual allegations, all of which are irrelevant to Plaintiff's claims, except for the averment that "[a]ccording to Technest Holdings, Inc. 10-K financial report for its fiscal year ending 6/30/05, Markland Technologies acquired a controlling interest in Technest Holdings, Inc. on 2/14/015." (Doc. No. 8, at 2). However, Defendant presents the affidavit from Gina Pereira, the Chief Executive Officer of Technest Holdings, Inc. who states that Markland has never done business as Technest, Inc, or vice versa. (Doc. No. 5-2, at 2). Moreover, even assuming *arguendo*, that Technest was a subsidiary of Markland, Defendant properly avers that "Plaintiff has not provided any law by which a former subsidiary (Technest Holdings, Inc.) of a parent corporation (Markland Technologies, Inc.) would be responsible for the alleged actions of the corporate parent." In *Iceland Telecom Ltd. v. Information Systems and Networks*, 268 F. Supp. 2d 585, 589 (D.Md. 2003), the Court noted "[m]uch like individuals stockholders, a corporate parent also will not be liable for the debts/obligations of its subsidiary" unless in order to "prevent fraud or to enforce a paramount equity." With this cardinal rule in mind, it is an extraordinary proposition that subsidiaries would be held liable for the debts of the parent corporation. Plaintiff presents no support for this novel proposition, and the Court is aware of no binding authority supporting the argument Plaintiff presents.

As such, the Court will **GRANT** Defendant's Motion to Dismiss. An Order consistent with this Memorandum Opinion will follow.

Date: <u>March 8, 2011</u>                              /s/_____
                                                    Alexander Williams, Jr.
                                                    United States District Judge